# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**STONERIDGE INC**, an Ohio corporation

    Plaintiff,

v.

**SHENZHEN BAISHENG XINGYE TECHNOLOGY CO, LTD**, a Chinese corporation, and
**SHENZHEN LUVIEW CO, LTD**, a Chinese corporation

    Defendants.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Stoneridge Inc. ("Stoneridge"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendants Shenzhen Baisheng Xingye Technology Co, LTD, and Shenzhen Luview Co, LTD. (collectively "Luview") states as follows:

## NATURE AND BASIS OF ACTION

1. This is an action by Stoneridge, an Ohio corporation, against Luview for trademark infringement and unfair competition. Stoneridge seeks injunctive relief and damages for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. §1114 ("the Lanham Act") and for unfair competition and

1

false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c).

## THE PARTIES

2. Plaintiff Stoneridge is an Ohio corporation with a principal place of business at 39675 MacKenzie Drive, Suite 400 Novi, MI 48377.

3. Defendant Shenzhen Baisheng Xingye Technology Co., Ltd. is, upon information and belief, a Chinese corporation with a principal place of business at 2nd Floor, 1st Building, Shunchengji Industrial Park, Dalang, Longhua District, Shenzhen, China, Post code: 518109.

4. Defendant Shenzhen Luview Co., Ltd. is, upon information and belief, a Chinese corporation with a principal place of business at 2nd Floor, 1st Building, Shunchengji Industrial Park, Dalang, Longhua District, Shenzhen, China, Post code: 518109.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c).

6. The Court has personal jurisdiction over Luview at least because, upon information and belief, Luview has purposely availed itself of the privilege of acting

in the State of Michigan or otherwise has minimum contacts with the State of Michigan. The exercise of personal jurisdiction over Luview by this Court is reasonable and consistent with the due process clause.

7. Additionally, the Court further has personal jurisdiction over Luview under Fed. R. Civ. P. 4(k)(2) at least because: (1) Stoneridge's claims arise under federal law, (2) Luview is not, on information and belief, subject to jurisdiction in any state's court of general jurisdiction, and (3) exercising jurisdiction is consistent with the United States Constitution and laws.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

9. Stoneridge is the maker of the MIRROREYE® Camera Monitor System ("CMS"), which replaces or supplements a truck's mirrors with integrated external digital cameras and digital monitors inside the cab of the truck.

10. Stoneridge is the owner of United States intellectual property rights in the trademark "MIRROREYE."

11. Specifically, Stoneridge has used the MIRROREYE mark since at least 2015 and is the owner of the U.S. Trademark Registration No. 5757922 (attached as Exhibit 1) for MIRROREYE in connection with camera and display systems comprising video cameras, display screens for viewing, and computer software for

use in replacing and improving upon vehicle exterior rear view mirrors.

12. The U.S. Trademark Registration No. 5757922 has a filing date of July 22, 2015 and is registered on the Principal Register.

13. Since 2015, Stoneridge has invested significant resources in developing its CMS and establishing a strong association between the MIRROREYE brand and Stoneridge's CMS.

14. Stoneridge received the only exemption to federal law allowing its MIRROREYE® CMS to be installed as an alternative to conventional rear-vision mirrors currently required on commercial vehicles in the United States.

15. Stoneridge presented its MIRROREYE® CMS at major events, including the North America Commercial Vehicle Show, the Annual Automotive Aftermarket Symposium, and the IAA Commercial Vehicles show in Germany. The public has taken note, with the MIRROREYE® CMS featured in numerous publications including Transport Topics, Freight Waves, Today's Trucking, the Commercial Carrier Journal, Overdrive Magazine, and Trucks.com. Most recently, MIRROREYE® CMS was named a finalist for the Automotive News 2020 PACE Awards for innovation.

16. In sum, MIRROREYE has become widely known and is closely identified with Stoneridge's innovative CMS.

4

17. The 2020 Consumer Electronics Show took place at the Las Vegas Convention Center in Las Vegas, Nevada from Tue, Jan 7, 2020 – Fri, Jan 10, 2020.

18. The 2020 Consumer Electronics Show was attended by individuals and companies from across the United States, as well as the rest of the world, including a large contingent from Michigan.

19. CES has become a prominent showcase for innovations in the automotive industry. It's where new products are debuted and where suppliers and manufacturers search for new commercial opportunities. Indeed, CES growing importance was a contributing factor in the shift of Detroit's North American International Auto Show from January to June.

20. Luview attended the Consumer Electronics Show.

21. Luview used, and is using, the mark MIRROREYE at the 2020 Consumer Electronics Show in connection with a camera-based mirror replacement system offered for sale by Luview.

22. Specifically, Luview used the MIRROREYE mark in marketing materials (Exhibit 2) it distributed at the 2020 Consumer Electronics Show in connection with a mirror replacement system.

23. Further, Luview displayed the MIRROREYE mark in its booth at the 2020 Consumer Electronics Show in connection with a mirror replacement system.

(Exhibit 3).

24. Luview's use of "MIRROREYE" in conjunction with Luview's camera system has caused or is likely to cause confusion in the marketplace.

25. Luview's use and marketing of "MIRROREYE" was, on information and belief, targeted to individuals and companies that reside outside the State of Nevada.

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT UNDER §32 OF THE LANHAM ACT)

26. Stoneridge incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

27. Luview has, without Stoneridge's consent, used in commerce Stoneridge's MIRROREYE trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a).

28. Stoneridge's federal registration on the Principal Register for the mark "MIRROREYE" is conclusive evidence of Stoneridge's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration, pursuant to the Lanham Act, 15 U.S.C. § 1115.

29.     The infringing acts committed by Luview were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and have caused, and unless enjoined, will continue to cause damage to Stoneridge.

30.     As a proximate result of Luview's actions, Stoneridge has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Stoneridge for its injuries and Stoneridge lacks an adequate remedy at law.

31.     Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

32.     In view of Luview's infringing conduct, Stoneridge is entitled to a preliminary and permanent injunction against Luview, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT II
## (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT)

33.     Stoneridge incorporates and realleges, as if fully set forth in this

paragraph, the allegations of the foregoing paragraphs.

34. The MIRROREYE trademark, as more fully described above, is a well-established mark that serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with the MIRROREYE trademark of Stoneridge.

35. As evidenced by the federal registration and its long, continued and exclusive use, Stoneridge's MIRROREYE trademark has acquired distinctiveness and secondary meaning in connection within mirror replacement systems.

36. Upon information and belief, prior to adopting the MIRROREYE trademark, Luview had actual and constructive knowledge of the use and ownership by Stoneridge of the MIRROREYE trademark.

37. Luview, in connection with mirror replacement related sales, has used and continues to use the MIRROREYE trademark in a manner which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Luview with Stoneridge, and to the origin, sponsorship, or approval of Luview's goods, services, and/or commercial activities of Stoneridge.

38. Luview's use of the MIRROREYE trademark constitutes unfair competition and false designation of origin in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39.     As a proximate result of Luview's actions, Stoneridge has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable.

40.     An award of monetary damages alone cannot fully compensate Stoneridge for its injuries and Stoneridge lacks an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Stoneridge respectfully requests that this Court:

A.      Enter judgment that Luview has, without the consent of Stoneridge, used in commerce Stoneridge's MIRROREYE trademark in connection with the sale, offering for sale, distribution, and advertising of integrated camera and display systems, and such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(a).

B.      Enter judgment that Luview has committed unfair competition and used false designation of origin in bad faith and in willful violation of 15 U.S.C. §1125(a); have injured Stoneridge's business reputation; have otherwise injured Stoneridge by promoting, advertising, and selling their integrated camera and display systems using Stoneridge's MIRROREYE trademark in willful violation of 15 U.S.C. §1125(c)(1).

C. Issue a preliminary injunction and thereafter a permanent injunction under 15 U.S.C. §1116(a) ordering Luview and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or mark "MIRROREYE," and to file with the court and serve on the Stoneridge within thirty days of service on Luview of such injunction a report in writing under oath setting forth in detail the manner and form in which Luview has complied with the injunction.

D. Award damages to Stoneridge as provided under 15 U.S.C. §1117(a), including Luview's profits, three times the actual damages sustained by Stoneridge, and reasonable attorney fees to the Stoneridge as prevailing party, and/or if the court shall find that the amount of recovery based on profits is either inadequate or excessive, to award in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of this case, and the costs of this action.

E. Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Luview bearing the registered marks or colorable imitation of such marks, shall be delivered and destroyed.

F.      Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Stoneridge demands a jury trial of all issues triable by jury.

Dated: January 9, 2020               CARLSON, GASKEY & OLDS, P.C.

/s/ Steven Susser
Steven Susser (P52940)
William S. Gottschalk (P59524)
Alex Szypa (P79696)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
Email: ssusser@cgolaw.com
       bgottschalk@cgolaw.com
       aszypa@cgolaw.com